```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NO. 09-177

DALTON BENNETT                                  SECTION "B"
```

### ORDER AND REASONS

Before the Court are petitioner Dalton Bennett's *pro se* motion for compassionate release (Rec. Doc. 462); the government's opposition (Rec. Doc. 464); Bennett's reply to government's opposition (Rec. Doc. 466); and Bennett's supplement to motion for compassionate release (Rec. Docs. 467-68). For the reasons discussed below,

**IT IS ORDERED** that petitioner Dalton Bennett's motion for compassionate release and supplement to same (Rec. Doc. 462) are **DENIED.**

### FACTS AND PROCEDURAL HISTORY

In June 2010, a jury convicted petitioner Dalton Bennett of seven crimes: conspiracy to possess with intent to distribute at least 50 grams of cocaine base (Count 1); possession with intent to distribute at least five grams of cocaine base (Count 2); possessing a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. 924(c)(Count 3); being a felon in possession of a firearm (Count 4); conspiracy to obstruct justice (Count 6); possessing with intent to distribute 50 grams of cocaine base

1

(Count 8); and using a telephone to facilitate the drug-trafficking conspiracy (Count 9). Rec. Doc. 464 at 1-2 (citing Rec Docs. 15 at 1-15; 191-1 at 8-9, 11). Petitioner was sentenced as a career offender to life imprisonment on Counts 1, 2, and 8. *Id*. at 3 (citing Rec. Doc. 234 at 2).[1] On October 15, 2020, pursuant to the First Step Act[2], this Court reduced the life sentence to 336 months. *Id*. at 5 (citing Rec. Doc. 460).[3]

On May 18, 2021, petitioner filed the instant *pro se* motion for compassionate release pursuant to § 3582(c)(1)(A). Rec. Doc. 462. The government filed an opposition to the motion for compassionate release on July 7, 2021. Rec. Doc. 466.

Initially, petitioner argues that his mother and father have developed health issues and he would like to rekindle a relationship with his father. Rec. Doc. 462, pp. 10-11; *see also* Rec. Doc. 467.[4] Since then he states his mother was killed in a car crash and several relatives were seriously injured in the crash. Rec. Doc. 468. He also claims to have an occupation upon release to support his family. *Id*. Lastly, he argues that he is

---

[1] The Court sentenced Dalton Bennett to a consecutive sixty-month term for Count 3 and to the maximum statutory sentences on the other counts. Rec. Doc. 464 at 3.
[2] 18 U.S.C. § 3582(c)(1)(A)(i).
[3] This Court reduced Counts 1, 2, and 8 from life imprisonment to 276 months. Sentences 1, 2, 4, 6, 8, and 9 are to be served concurrently with each other but consecutive to the 60-month sentence imposed as to Count 3. *See* Rec. Doc. 460.
[4] This is seemingly a letter from petitioner's father which outlines his health issues and includes medical records. However, the document does not explicitly state the author's relation to petitioner. Rec. Doc. 467.

2

not a danger to the safety of others or the community and proposes a release plan in support of his motion, Rec. Doc. 462 at 7-12, and that the sentencing factors set forth in § 3553(a) warrant a sentence reduction, *id*. at 12-15. Specifically, Bennett argues he should no longer be labeled a "Career Offender" due to the First Step Act. *Id*.[5]

The government also argues that Bennett is a danger to society because he was convicted of a federal drug-trafficking crime, firearms offense, and obstructions of justice, and further, that his behavior while in prison has not been exemplary. Additionally, the government argues that Bennett was correctly labeled a "Career Offender." Rec. Doc. 464.

**LAW AND ANALYSIS**

    **A. Exhaustion of Administrative Remedies**

Before a federal court will assess the merits of a motion for compassionate release, defendants must show that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3592. The Fifth Circuit has clarified that "all requests for compassionate

---

[5] Bennett argues, what seems to be either an "extraordinary and compelling circumstance" or an argument in the alternative, that due to the First Step Act, he is not a career criminal and that his sentence should be further lowered.

3

release must be presented to the Bureau of Prison before they are litigated in the federal court." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020) (noting that "[t]he First Step Act, in clear language, specifies what a defendant must do before [he] files a motion for compassionate release in federal court."). The defendant bears the burden of demonstrating exhaustion. *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2. (E.D. La. Sept. 8, 2020). If the defendant can show that he has exhausted all administrative remedies, the court may reduce the defendant's term of imprisonment upon a finding that "(i) extraordinary and compelling reasons warrant such a reduction" and "(ii)[s]uch a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The government concedes exhaustion in this case. Rec. Doc. 464 at 5. Defendant applied for "compassionate release" to the Warden of his facility on April 14, 2021. Rec. Doc. 462 at 16. The record reflects that the warden denied defendant's request. *Id*. Because defendant has presented his request for compassionate release to the Bureau of Prisons, and because the government concedes exhaustion, we proceed to the merits of defendant's motion.

**B. Extraordinary and Compelling Circumstances**

The Sentencing Commission identified four "extraordinary and compelling reasons" that may warrant a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) "other reasons." U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018). The defendant bears the burden in demonstrating "extraordinary and compelling reasons." *See United States v. Jones*, 836 F.2d 896, 899 (8th Cir. 2016). Here, Bennett argues that COVID-19 and his family circumstances present "extraordinary and compelling circumstances" that warrant a sentence reduction. *See generally* Rec. Doc. 462.

1. **Medical Conditions**

Bennett's generalized concerns regarding COVID-19 do not warrant a reduction of his sentence. Courts in some exceptional cases have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID-19. *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021), *cert. denied*, No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021) (citations omitted). Even where courts have denied release, some courts have assumed that the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. *Id.* However, a generalized fear of COVID-19 does not rise to an "extraordinary and compelling reason" justifying release. *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release.");

*United States v. Raia*, 954 F.3d 594, 597 (3rd. Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Further, allegations that a facility is poorly managed and that a defendant has been housed with inmates who have tested positive, without more, do not warrant a sentence reduction under § 3582. *See United States v. Haynes*, No. CR 14-23, 2020 WL 4601633, at *3 (E.D. La. Aug. 11, 2020) (citations omitted) ("Although [defendant] claims that Oakdale is poorly managed and that he has been housed with inmates who have tested positive for the virus, numerous courts have concluded that these types of allegations do not warrant a sentence reduction under § 3582.").

At the heart of Bennett's motion, is a generalized fear of contracting COVID-19. Bennett has not demonstrated an increased risk of serious illness if he were to contract the virus. *See* Rec. Docs. 462, 466. Notably, he is fully vaccinated and described himself in his pre-sentence report as being in good health. Rec. Doc. 462 at 6-7; Rec. Doc. 464 at 11. Bennett contends that his cellmate tested positive for the virus which increased his risk of contracting the virus; however, there is no allegation that he contracted the virus. Rec. Doc. 462 at 5. He further contends that overcrowding in prison facilities coupled with the shortage of staff increases his risk of contracting the COVID-19 virus. *Id*.

6

This general fear and concern of contracting the COVID-19 virus, without more, is not an "extraordinary and compelling reason" to warrant a sentence reduction under § 3582. *See United States v. Haynes*, No. CR 14-23, 2020 WL 4601633, at *3 (E.D. La. Aug. 11, 2020) (quoting *United States v. Emmons*, No. 16-98, 2020 WL 3086606, at *2 (S.D. Miss. June 10, 2020) ("Were such concerns sufficient, every federal prisoner would be entitled to a sentence reduction under § 3582(c)(1)(A).")).

## 2. Family Circumstances

When a defendant requests a sentence reduction based on family circumstances, the court may only grant release in "extreme circumstances." *United States v. Bower*, No. 16-96, 2020 WL 5942195, at *2 (E.D. La. Oct. 7, 2020). Subsection (B) of the policy statement states that extraordinary and compelling circumstances may arise from "(i) [t]he death or incapacitation f a caregiver of the defendant's minor child or minor children or "(ii) [t]he incapacitation of defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii).

For guidance on what constitutes "incapacitation" this Court has looked to the Bureau of Prison's non-binding Program Statement for processing compassionate release requests. *See United States*

7

*v. Tyler*, No. CR 09-391, 2021 WL 736467, at *3 (E.D. La. Feb. 25, 2021) (Vance, J.) (citations omitted). As to the caregiver of the defendant's minor child or minor children, "incapacitation" means the family member caregiver "suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." *Id*. (some quotations omitted).[6] As to the incapacitation of the defendant's spouse or registered partner, "incapacitation" means the inmate's spouse or registered partner has "[s]uffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair" or a "severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [person's] mental capacity or function)." *Id.*[7]

In *Tyler*, the prison inmate moved for compassionate release, arguing that both of his parents suffered from severe hypertension and chronic breath problems. *Id*. He also asserted that his sister suffered from depression, schizophrenia, and bi-polar disorder. *Id*. This Court found that "even assuming that [movant] could

---

[6] Citing, Federal Bureau of Prisons, Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 7.
[7] Citing, Federal Bureau of Prisons, Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 7, 10.

establish, the requisite 'family circumstances' through these familial relationships,"[8] he did not provide evidence to suggest that his parents or sister were afflicted with such serious conditions that they were uncapable or caring for themselves. *Id*. Nor did he allege that he was the only potential caregiver for his parents or sister. *Id*. at *4. Accordingly, this Court held that the movant's alleged family circumstances did not constitute extraordinary or compelling reasons, meriting compassionate release. *Id*.

Here, Bennett initially argued that his mother developed health issues and is partially paralyzed due to a stroke. Sadly, it appears she died in a recent car crash. Rec. Doc. 468. He argues that his father and other relatives need attention due to either deteriorating health or recent injuries in the car crash. Rec. Doc. 462 at 10; Rec. Doc. 468. Even if Bennett could establish the requisite "family circumstances" through the familial relationship to his father and other relatives, his alleged family circumstances do not constitute extraordinary or compelling reasons because he has not alleged that they are "incapacitated" or disabled; nor has he alleged being the only potential caregiver. The medical records suggest that his father is diagnosed with osteoarthritis. *See* Rec. Doc. 467. Bennett provides no evidence to suggest that either the

---

[8] The court noted that Tyler invokes familial relationships to his mother and sister – which are not contemplated by the guidelines.

9

father or other relatives are afflicted with such serious conditions that they are incapable of caring for themselves. *See* Rec. Docs. 462, 468. Nor does he allege that he is the only potential caregiver. *Id*. Bennett's father's records indicate that the father has two brothers, five sisters, two sons, and two daughters who are alive and healthy. Rec. Doc. 467-1 at 8. Accordingly, as in the *Tyler* case, Bennett's alleged family circumstances do not constitute extraordinary and compelling reasons, meriting compassionate release.

### 3. Other Reasons

Additionally, "the Court must liberally construe pleadings and briefs submitted by *pro se* litigants reading such submissions to raise the strongest arguments they suggest." *See United States v. Wells*, No. CR 13-151, 2020 WL 4504445, at *1 (E.D. La. Aug. 5, 2020), *aff'd*, 836 F. App'x 313 (5th Cir. 2021) (citations and quotations omitted). Here, Bennett argues in both his original motion and reply to the government's opposition, that he should no longer have "Career Offender" status, and thus, his sentence should be further reduced to a range of 151-188 months.[9] Rec. Docs. 462, 466. Bennett was originally sentenced to lifetime imprisonment. *See* Rec. Doc. 464. This sentence was based on the calculation of Bennett's total offense level as 37 with a Chapter IV enhancement

---

[9] It is unclear whether Bennett is making this argument in the alternative or whether he is addressing it under "extraordinary and compelling circumstances."

10

as a "career offender." Rec. Doc. 430 at 14. Bennett's sentence was subsequently reduced by this Court to 366 moths pursuant to the First Step Act. Rec. Doc. 460. Most notably, Bennett raised substantially the same argument here that he raised in his prior motion to reduce sentence pursuant to the First Step Act. *Compare* Rec. Doc. 466, *with* Rec. Doc. 413. Bennett's "career offender" argument was addressed in October 2020 and appropriate relief was pronounced. *See* Rec. Doc. 460.[10] Because Bennett fails to meet his burden in establishing extraordinary and compelling circumstances, he is not entitled to sentence reduction.

New Orleans, Louisiana this 13th day of October, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[10] Notably, the requested reduction in sentence is not mandatory as it rests within the sound discretion of the court. *See* First Step Act § 404(c); *see also Jackson*, 945. F. 3d 315, 321(5th Cir. 2019). The record does not support the request.