UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-177 |
| DALTON BENNETT | SECTION "B" |

## ORDER AND REASONS

Before the Court are Petitioner Dalton Bennett's second *pro se* Motion for Compassionate Release/Reduction in Sentence (Rec. Doc. 475), the Government's Opposition (Rec. Doc. 497), Bennett's Reply (Rec. Doc. 502), and his "Supplemental Reply" (Rec. Doc. 548). For the following reasons,

**IT IS ORDERED** that Petitioner's Motion (Rec. Doc. 475) is **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In June 2010, a jury convicted Dalton Bennett ("Bennett" and/or "Petitioner") of seven crimes: conspiracy to possess with intent to distribute at least 50 grams of cocaine base (Count 1); possession with intent to distribute at least five grams of cocaine base (Count 2); possessing a firearm in furtherance of drug-trafficking crime under 18 U.S.C. 924(c) (Count 3); being a felon in possession of a firearm (Count 4); conspiracy to obstruct justice (Count 6); possessing with intent to distribute 50 grams of cocaine base (Count 8); and using a telephone to facilitate the drug-trafficking conspiracy (Count 9). Rec. Doc. 497 at 1-2 (first citing Rec. Doc. 15 at 1-15; and then citing Rec. Doc. 191-1 at 8-9, 11). Bennett was sentenced as a career offender to life imprisonment on Counts 1, 2, and 8. *Id.* at 3 (citing Rec. Doc. 234 at 2).[1] On October 15, 2020, pursuant to the

---

[1] The Court sentenced Bennett to a consecutive sixty-month term for Count 3 and to the maximum statutory sentences on the other counts. Rec. Doc. 497 at 3 n. 2.

First Step Act,[2] this Court reduced Bennett's life sentence to 336 months. *Id.* at 5 (citing Rec. Doc. 460).[3]

Then, on May 18, 2021, Bennett filed his first *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), averring, in relevant part, that he had concerns of contracting the COVID-19 virus; that he was no longer a danger to society; and that upon his proposed release from prison, he would care for his mother and father who had developed health issues. Rec. Doc. 462 at 3-10. This Court found none of these reasons to be "extraordinary and compelling reasons" which would justify a sentence reduction under the Sentencing Commission Guidelines. Rec. Doc. 469 at 7-9. Bennett also argued he should no longer be labeled a "Career Offender" due to the First Step Act. Rec. Doc. 462 at 12-15. This Court found that argument was already addressed and that "appropriate relief was pronounced" when it reduced his life sentence to 336 months. Rec. Doc. 469 at 11. Thus, this Court denied Bennett's first motion for compassionate release. *See generally id*.

On March 15, 2023, Bennett filed the instant, second Motion for Compassionate Release/Reduction in Sentence. Rec. Doc. 475. In the instant motion, he argues entitlement to compassionate release because he is no longer a "Career Offender" due to Louisiana's decriminalization of simple possession of marijuana, and because he is sufficiently rehabilitated. *See* Rec. Doc. 475 at 1.

---

[2]   18 U.S.C. § 3582(c)(1)(A)(i).
[3]   This Court reduced Counts 1, 2, and 8 from life imprisonment to 276 months. Sentences 1, 2, 3, 6, 8, and 9 are to be served concurrently with each other, but consecutive to the 60-month sentence imposed as to Count 3. *See* Rec. Doc. 460.

## LAW AND ANALYSIS

A. **Standard of Review**

A prisoner can request compassionate release from the Court either after fully exhausting his administrative rights or once thirty days have passed since submitting a request for relief to his warden, whichever occurs earlier. 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement is met, the Court may reduce the prisoner's term of imprisonment after considering the sentencing factors outlined in 18 U.S.C. § 3553(a), provided it finds that extraordinary and compelling reasons justify the reduction and that it aligns with the Sentencing Commission's applicable policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). A prisoner requesting compassionate release bears the burden of demonstrating eligibility for a reduction. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).

B. **Bennett's Failure to Appeal His Adverse Administrative Remedy Request Causes His Motion to Fail Procedurally**

Bennett's Motion for Compassionate Release is not properly before the Court because Bennett did not appeal the warden's denial of his motion. This Court has consistently held that satisfying the procedural requirements for exhaustion includes appealing a warden's denial. *See, e.g., United States v. Rodriquez*, No. 15-198, 2020 U.S. Dist. LEXIS 162923, at *2-3 (E.D. La. Sept. 8, 2020) (citing several Fifth Circuit district court cases requiring petitioner to appeal warden's decision).

On November 23, 2022, Bennett's request for administrative remedy was received by the warden, albeit obscured by a subject line that read "Inmate Work Assignment: yard a.m." Rec. Doc. 497-1 at 2. The acting warden subsequently denied Bennett's request on December 23, 2022. *Id*. at 1. In response to Bennett's request, the warden informed Bennett that if he was dissatisfied with this denial, he may "submit an Administrative Remedy on the appropriate form (BP-9)." *Id*.

There is no assertion from Bennett, nor any evidence in the record, to suggest that he ever appealed the warden's denial. Only after appealing the adverse decision from the warden can this Court property consider Petitioner's motion for compassionate release. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). For these reasons alone, Bennett's motion must be denied without prejudice, as he does not mention any appeal in his instant motion for compassionate release.

**C.    Even Assuming Bennett's *Pro Se* Motion for Compassionate Release is Properly in Front of the Court Procedurally, His Motion Would Fail on the Merits**

"A federal court generally may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)). Section 3582 permits this Court to reduce a term of imprisonment if it determines that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582. Congress delegates the authority to define extraordinary and compelling measures to the Sentencing Commission. *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). While the Sentencing Commission's policy statement regarding extraordinary and compelling reasons is not dispositive, it still "informs our analysis as to what reasons may be sufficiently extraordinary and compelling to merit compassionate released." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir), *cert. denied*, 141 S. Ct. 2688 (2021). Furthermore, this Court must consider the Section 3553(a) factors in determining whether a petitioner is entitled to compassionate release. *Shkambi*, 993 F.3d at 393; *see also United States v. Jackson*, 27 F.4th 1088, 1092 (5th Cir. 2022) (vacating a compassionate release denial when the district court "limited its analysis" to the Sentencing Commission's policy alone).

There are four types of extraordinary and compelling reasons for consideration: (1) medical condition, (2) age, (3) family circumstances, and (4) other reasons the Bureau of Prisons agrees are extraordinary and compelling in a specific case. U.S.S.G. Manual § 1B1.13 cmts. (A)-(D). Bennett does not allege medical or family concerns and does not meet the age requirement.

Instead, Bennett focuses his argument on "other reasons." *See* Rec. Doc. 475 at 3-5. He argues that because Louisiana has decriminalized simple possession of marijuana and the President offered pardons for those convicted of simple possession of marijuana in the federal system, he should no longer be considered a "Career Offender." *Id.* at 1.

However, Bennett's "Career Offender" status was determined based on his prior convictions for armed robbery <u>and possession with intent to distribute marijuana</u>. Rec. Doc. 259 at 11. Changes in Louisiana law have no effect on Bennett's federal conviction; moreover, the presidential pardon applied only to simple possession of marijuana. *See United States v. Skaggs*, No. 22-50296, 2023 U.S. App. LEXIS 4655, at *1-2 (5th Cir. Feb. 24, 2023); *United States v. Galloway*, No. 1:18cr108-HSO-JCG-1, 2023 U.S. Dist. LEXIS 91592, at *3 (S.D. Miss. May 25, 2023). His career offender status remains unaffected.

Furthermore, this Court has already affirmed Bennett's "Career Offender" status in its previous Order addressing Bennett's first motion for compassionate release. *See* Rec. Doc. 469 at 10-11. Initially sentenced to lifetime imprisonment, based on a total offense level of 37 with a Chapter IV enhancement as a "Career offender," Bennett's sentence was subsequently reduced by this Court to 336 months pursuant to the First Step Act. *See* Rec. Doc. 464; Rec. Doc. 430 at 14; Rec. Doc. 460. Bennett's "Career Offender" argument was addressed in October 2002 and appropriate relief was pronounced. *See* Rec. Doc. 460.[4] Consequently, because Bennett fails to meet his burden in establishing extraordinary and compelling circumstances, he is not entitled to compassionate release.

The Court must also consider the applicable Section 3553(a) factors to determine whether compassionate release is warranted. *Ward*, 11, F.4th at 361. Mindful of these factors, the Court

---

[4] Notably, the requested reduction is not mandatory as it rests within the sound discretion of the court. *See* First Step Act § 404(c); *see also United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019).

has carefully considered the record pertaining to (1) Bennett's sentence relative of the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Bennett; (6) the need to provide rehabilitative services, (7) the applicable guideline sentence, and (8) the need to avoid unwarranted sentencing disparities among petitioners with similar records found guilty of similar conduct. *See* 18 U.S.C. § 3553(a). These factors are evaluated under the overarching principle that a sentence must "be sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors, the Court cannot justify compassionate release.

First, Bennett's crimes were serious offenses, including three violations of the Federal Controlled Substances Act, possession of a firearm in furtherance of a drug trafficking crime, being a convicted felon in possession of a firearm, conspiracy to obstruct justice, and illegal use of a communication facility. Rec. Doc. 234 at 1. Additionally, Bennett has an extensive criminal history, including convictions for simple burglary, armed robbery, possession of crack cocaine, possession of marijuana, possession of 28 to 200 grams of cocaine, possession with intent to distribute marijuana, and possession of a firearm while in possession of cocaine. Rec. Doc. 259 at 28. This Court found that a life sentence appropriately reflected the nature and specific circumstances of the offenses, the seriousness of the offenses, and Bennett's extensive criminal history. *Id.* at 28-29. Furthermore, the Court held that a life sentence promoted respect for the law, provided just punishment, and afforded adequate deterrence while protecting the public. *Id.* at 29. Consequently, the reduced sentence of 336 months remains appropriate.

Notably, Bennett has not made significant progress toward rehabilitation. Post-sentencing rehabilitation can be highly relevant to a prisoner's history and characteristics. *Pepper v. United States*, 562 U.S. 476, 491 (2011). Although Bennett claims sufficient rehabilitation, the record does not support this assertion. While incarcerated, Bennett continued to facilitate the distribution of cocaine base by directing others to sell it. Rec. Doc. 259 at 28. Additionally, the Government reports that Bennett has received sanctions for misconduct at least fourteen times while incarcerated, including possessing dangerous weapons, possessing drugs and alcohol, engaging in sexual acts, and fighting. Rec. Doc. 497 at 14.[5] The record shows Bennett has not displayed sufficient rehabilitation for this factor to weigh in favor of compassionate release. While commendable, much more would have been expected than reported certificates in limited areas and times.

Considering the need for just punishment and promoting respect for the law, Bennett has not yet served half of his reduced sentence of 336 months. To date, Bennet has served approximately thirteen years of his sentence, leaving him four years away from reaching the halfway mark of his sentence. Thus, Petitioner has not served the "lion's share" of his reduced sentence. *Thompson*, 984 F.3d at 434 ("The courts that granted compassionate release . . . largely have done so for defendants who had already served the lion's share of their sentences.").

In light of these considerations, the Court concludes that Bennett is not entitled to compassionate release.

New Orleans, Louisiana this 30th day of April, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] This is alleged by the Government in its opposition memorandum. Rec. Doc. 497.